IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN RE:

REBECCA A. OTTENSEN  Case No. 22-11270-cjf
Chapter 7

Debtor.

REBECCA A. OTTENSEN,

Plaintiff,

v.  Adversary Case No. 23-00047

U.S. DEPARTMENT OF EDUCATION,

Defendant.

## ANSWER

Defendant U.S. Department of Education (Education), by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and by Theresa M. Anzivino, Assistant United States Attorney, answers the numbered paragraphs of Plaintiff Rebecca A. Ottensen's Complaint as follows:

### I. JURISDICTION & VENUE

**Adversary Complaint ¶ 1:** This Court has jurisdiction over this matter pursuant to 28 U.S.C. Secs. 1334 and 157(b).

**ANSWER: Education admits.**

**Adversary Complaint ¶ 2:** Venue is proper pursuant to 28 U.S.C. § 1409 because this proceeding arises in and relates to a bankruptcy case pending in this district.

ANSWER: Education admits.

**Adversary Complaint ¶ 3:** This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(T).

**ANSWER: Education admits this is a core proceeding but denies that this is pursuant to 28 U.S.C. § 157(b)(2)(T) and affirmatively alleges this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).**

**Adversary Complaint ¶ 4:** Bankruptcy Rules 7001 (6), (7), and (9) require an action of this nature to be filed as an adversary proceeding.

**ANSWER: Education admits.**

**Adversary Complaint ¶ 5:** Plaintiff consents to the entry of a final judgment by a United States Bankruptcy Court judge.

**ANSWER: Education admits.**

**Adversary Complaint ¶ 6:** Plaintiff filed her petition for relief under Chapter 7 of the Bankruptcy Code on August 10, 2022 (the "Chapter 7 Case").

**ANSWER: Education admits.**

**Adversary Complaint ¶ 7:** Plaintiff received a discharge in her Chapter 7 Case on November 14, 2022. Plaintiffs Chapter 7 Case was closed, and the estate was fully administered, on November 18, 2022.

Plaintiff reopened her Chapter 7 case by order of the Court on November 21, 2023 to bring this adversary proceeding and seek a determination in favor of dischargeability as to Plaintiff's student loans.

**ANSWER: Education admits.**

## II. INTRODUCTION

**Adversary Complaint ¶ 8:** Plaintiff seeks to discharge student loan debts that Plaintiff owes Defendants pursuant to 11 § U.S.C. 523(a)(8).

**ANSWER: Education admits.**

## III. GENERAL ALLEGATIONS

**Adversary Complaint ¶ 9:** Plaintiff Rebecca A. Ottesen is an adult resident of Wisconsin and an unmarried individual who resides at 6718 N. Riley Road, Evansville, Wisconsin 53536.

**ANSWER: Education admits that this information matches that of the information listed in the Plaintiff's bankruptcy case.**

**Adversary Complaint ¶ 10:** Plaintiff is a citizen of Wisconsin residing in the Western District of Wisconsin.

**ANSWER: Education admits that this information matches that of the information listed in the Plaintiff's bankruptcy case.**

**Adversary Complaint ¶ 11:** United States Department of Education ("DOE") is a Department of the United States government with a principal office at 400 Maryland Avenue SW, Washington, D.C. 20202.

**ANSWER: Education admits.**

**Adversary Complaint ¶ 12:** United States Department of Education ("DOE") is represented by Theresa M. Anzivino with a principal office at 222 West Washington Ave., Suite 700, Madison Wisconsin 53703.

**ANSWER: Education admits.**

**Adversary Complaint ¶ 13:** Defendant is the originator and holder of the student loans which Plaintiff seeks to discharge.

**ANSWER: Education admits.**

**The Student Loans**

**Adversary Complaint ¶ 14:** The outstanding balance of the student loans which Plaintiff seeks to discharge in this adversary proceeding was approximately $75,095.35, which has increased since the time the underlying case was filed (plus accruing interest) (the "Student Loans").

**ANSWER: Education admits that Plaintiff has an outstanding student loan balance but affirmatively alleges that the outstanding balance, as of March 2024, is $76,195.54, comprised of $68,607.95, in principal, and $7,587.59, in interest. Education further admits that this outstanding balance will continue to accrue interest.**

**Adversary Complaint ¶ 15:** The calculated monthly payment for Plaintiffs Student Loans based on a Standard Repayment Plan ("Standard Payment") is about $839 according to the Federal Student Aid Loan Repayment Simulator.

**ANSWER: Education denies and affirmatively alleges that Plaintiff's monthly payment under Education's Standard Repayment plan would be $619.79.**

**Education**

**Adversary Complaint ¶ 16:** Plaintiff obtained student loans from DOE for the purpose of obtaining a bachelor's degree from Mary Baldwin University in Staunton, Virginia. Plaintiff attended Mary Baldwin University and graduated in 2015.

**ANSWER:** Education admits that its records show Plaintiff attended Mary Baldwin University at the approximate time when student loans were incurred. As to the remaining allegations, Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.

**Adversary Complaint ¶ 17:** Plaintiff utilized student loans to pay tuition, living expenses and costs of attending college.

**ANSWER:** Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.

**Adversary Complaint ¶ 18:** After receiving her bachelor's degree in Sociology, Plaintiff obtained employment but not within the field of her degree.

**ANSWER:** Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.

**Employment**

**Adversary Complaint ¶ 19:** Plaintiff has been gainfully employed since graduating undergraduate college in 2015, but not within the field of her college degree.

**ANSWER:** Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.

**Adversary Complaint ¶ 20:** Plaintiff has searched for jobs within her desired field and where she could utilize her undergraduate degree. Such jobs include working for human resources departments.

**ANSWER:** Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.

**Adversary Complaint ¶ 21:** Plaintiff has applied for approximately 3 jobs within human resources departments and within her field of education but has not been selected for any of these positions.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 22:** Plaintiff is currently employed as a Senior Accounts Payable Specialist at Mid-States Concrete Industries, located in South Beloit, Illinois.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Financial Life Circumstances – Minimal Standard Living**

**Adversary Complaint ¶ 23:** Plaintiff does not have the present ability to pay the Student Loans while maintaining a minimal standard of living for herself if forced to repay the Student Loans.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 24:** The Plaintiffs income and expenses are shown in the Plaintiffs bankruptcy schedules I and J, attached hereto and incorporated herein as Exhibit A.

**ANSWER: Education admits that Plaintiff completed bankruptcy schedules I and J for her bankruptcy case, but, as to whether that information aligns with her current and actual income and expenses, Education lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, therefore, denies**

them. Furthermore, the Complaint served on Education did not include an Exhibit A, so, as to the remaining allegations in Paragraph 24, Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.

**Adversary Complaint ¶ 25:** Plaintiffs monthly household living expenses exceed the standards as set forth by the Internal Revenue Service Collection Financial Standards (he "National Standards").

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 26:** Plaintiff currently has resided with her significant other in Wisconsin since 2013.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 27:** On average, Plaintiff's monthly expenses exceed her monthly income.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 28:** Plaintiff works full-time and has been gainfully employed since earning her degree.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 29:** Plaintiff's current monthly household expenses are minimal.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 30:** Plaintiff presently owes federal income taxes for tax year 2022 in the amount of $2,002.00 that she has been unable to pay. Plaintiff anticipates owing federal income taxes for tax year 2023.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

## IV. FUTURE INABILITY TO PAY

**Adversary Complaint ¶ 31:** Plaintiff's present inability to pay is likely to persist in the future preventing the Plaintiff from maintaining a minimal standard of living for a significant portion of the repayment period if forced to repay her loans.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 32:** Plaintiff has been unable to obtain employment in the fields in which she is educated in.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 33:** Plaintiffs income is unlikely to increase to an amount necessary to make sufficient payments on the Student Loans.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 34:** It is unlikely that Plaintiff could complete another degree or achieve a higher salary for doing so, given the costs of attending higher education together with the cost of her Standard Payment each month or the interest on her Student Loans.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 35:** Plaintiff owns modest personal belongings and owns no assets worth a significant amount other than a 2018 Dodge Journey, on which the Plaintiff is still making payments on.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

<u>Good Faith to Repay</u>

**Adversary Complaint ¶ 36:** Plaintiff has made good faith efforts to earn income, manage expenses and repay the Student Loans.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 37:** Plaintiff has been employed since graduating in 2015.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 38:** Plaintiff has obtained employment outside the skillset of her Sociology degree in order to maximize her income.

**ANSWER: Education lacks sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies them.**

**Adversary Complaint ¶ 39:** Plaintiff has made voluntary payments on the Student Loans as they are due.

**ANSWER: Education admits.**

**Adversary Complaint ¶ 40:** Upon information and belief, Plaintiff has never been in default on the Student Loans.

**ANSWER: Education admits.**

**Adversary Complaint ¶ 41:** Plaintiff is currently participating in the Income Driven Repayment Program offered by DOE beginning in October of 2023.

**ANSWER: Education admits or denies**.

V.     CLAIM FOR RELIEF – DETERMINATION OF DISCHARGEABILITY OF STUDENT LOAN OBLIGATIONS. 11 U.S.C. § 523(8)

**Adversary Complaint ¶ 42:** Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 40.

**ANSWER: Education herein answers by reference all allegations set forth in paragraphs 1 through 40.**

**Adversary Complaint ¶ 43:** Plaintiff is entitled to discharge of the Student Loans owed to the Defendants in whole because repayment would constitute an "undue hardship" on her.

**ANSWER:** Education denies.

**Adversary Complaint ¶ 44:** Further, Plaintiff meets the standard for discharge of the Student Loans under *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F2d 395 (2d Cir. 1987).

**ANSWER:** Education denies.

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3) (incorporated into adversary proceedings by Fed. R. Bankr. P. 7008), Education denies all allegations in the Complaint that Education has not otherwise specifically admitted or denied.

## DEFENSES

1. Plaintiff cannot meet the requirements for proving undue hardship.

Wherefore, Education respectfully requests that the Court:

1. Determine that Plaintiff's student loans with Education are not dischargeable and should remain excepted from discharge; and

2. Award Education such other and further relief as may be just and appropriate.

Dated this 13th day of March, 2024.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

By:
 *s/ Theresa M. Anzivino*
THERESA (ESA) M. ANZIVINO
Assistant United States Attorney

Western District of Wisconsin
222 West Washington Avenue, Suite 700
Madison, Wisconsin 53703
Telephone: (608) 264-5158